UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

    Plaintiff,

v.                                                                                                  Case No. 13-10168

VICKI LEWIS, DION LAING,                                          HONORABLE AVERN COHN
and FETTIG,

    Defendants.

_____/

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 20)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 18)
AND
GRANTING DEFENDANTS VICKI LEWIS AND DION LAING'S MOTION TO DISMISS
(Doc. 12)
AND
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 14)</u>**

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff is an inmate in the custody of the Michigan Department of Corrections. He asserts a claim under 42 U.S.C. § 1983 against defendants for violation of due process rights under the Fourteenth Amendment arising out of the taking of his property. He also claims that Vicki Lewis (Lewis) retaliated against him by taking his property. The matter was referred to a magistrate judge for all pretrial proceedings before whom Lewis and Dion Laing (Laing) filed a motion to dismiss (Doc. 12) and plaintiff filed a motion for partial summary judgment (Doc. 14). The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motion be granted and plaintiff's motion be denied.

(Doc. 18).

Before the Court are plaintiff's objections to the MJRR. (Doc. 20). For the reasons that follow, For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motion to dismiss will be granted and plaintiff's motion for partial summary judgment will be denied.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

With regard to plaintiff's claim regarding the loss of his personal property, plaintiff has failed to state a plausible claim for relief. Plaintiff alleges he was deprived of his property without due process of law because there were procedural violations at the property hearing. In order to maintain such a claim, plaintiff must first "plead ... that state remedies for redressing the wrong are inadequate." Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983). See also Hudson v. Palmer, 468 U.S. (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 587–88 (6th Cir.2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." Meyers v. City of Cincinnati, 934 F.2d 726, 731 (6th Cir. 1991) (quoting Vicory, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving me inadequacy of state or administrative processes and remedies to redress [his] due process violations." Jefferson, 360 F.3d at 588.

As explained in the MJRR, there are a multitude of state and administrative remedies available to plaintiff to redress his claim. In his objections, plaintiff suggests that he pursued some state remedies but was not successful. The fact that he did not obtain relief in the state courts does not mean that the process, as outlined in the MJRR, is inadequate.

Regarding his retaliation claim, the magistrate judge concluded that it must be

3

dismissed because plaintiff could not show a causal connection between the alleged retaliatory act - Lewis taking his property by Lewis - happened <u>before</u> he complained about Lewis' act.  Moreover, the hearing was conducted by defendant Fettig, who made the ultimate decision regarding plaintiff's property.  Under these circumstances, the magistrate judge was correct in concluding that plaintiff failed to allege a plausible retaliation claim.

IV.

Accordingly, plaintiff's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court.  Lewis and Laing's motion to dismiss is GRANTED.  Plaintiff's motion for partial summary judgment is DENIED.  Plaintiff's claims against Lewis and Laing are DISMISSED WITH PREJUDICE.  This case continue against Fettig.[1]

SO ORDERED.

       <u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2014, by electronic and/or ordinary mail.

<u>Sakne Chami</u>
Case Manager, (313) 234-5160

---

[1] From the docket sheet, it appears Fettig has not yet been served.