UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

      Plaintiff,

                                         No. 13-10168

-vs-                                    District Judge Avern Cohn
                                         Magistrate Judge R. Steven Whalen

VICKI LEWIS, ET AL.,

      Defendants.

                                  /

**REPORT AND RECOMMENDATION**

      Plaintiff Mark Anthony Reed-Bey, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court are Defendant Nola Fettig's Motion to Dismiss [Doc. #36], and Plaintiff's Motion for Final Judgment [Doc. #31], which have been referred for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that Defendant Fettig's Motion to Dismiss [Doc. #36] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.  Because that would result in a final judgment against the Plaintiff, I recommend that his "Motion for Final Judgment" [Doc. #31] be DENIED AS MOOT.

**I.    FACTS**

      Plaintiff, an MDOC inmate, was transferred to the Gus Harrison Correctional Facility ("ARF") on or about December 5, 2011.  He alleges that Defendant

Lewis, a Corrections Officer, told him that he could not keep the Cortech box that contained some of his property, and that the contents of the box would either need to be sent home or destroyed. *Complaint* [Doc. #1], ¶¶ 3,5. Lewis later told Plaintiff that he could not have his property until a hearing was held. *Id*. ¶ 11. According to Plaintiff, Lewis told Defendant Laing, another Corrections Officer, that Plaintiff's footlocker had an altered number, that a television, radio, and typewriter were also altered, and that Plaintiff had too many cassette tapes. *Id*. ¶ 19. Plaintiff claims that Laing told him that his Walkman and cassette player would not be returned to him because there was no documentation showing that he had purchased them. *Id*. ¶ 27.

A property hearing was scheduled. However, Plaintiff complained to the Warden's Administrative Assistant that Lewis should not conduct the hearing because she was the person who wrote the notice of intent ("NOI") to confiscate the property. *Id*. ¶ 31. The property hearing was held on January 12, 2012. However, Plaintiff elected not to attend. *Id*. ¶ 35. The hearing was conducted by Defendant Fettig. *Id*. ¶¶ 34-35. Plaintiff never received any of the property that was taken. *Id*. ¶ 29.

Plaintiff alleges that his property was taken in violation of MDOC policy, and that he was denied Due Process. He also claims that Lewis (not Fettig) took his property in retaliation for him complaining to her supervisor "about her violating the plaintiff's rights to a fair hearing...." *Id*. ¶ 41.

On January 31, 2014, I issued an R&R in which I recommended that the complaint

be dismissed as to Defendants Laing and Lewis [Doc. #18]. On February 26, 2014, the Honorable Avern Cohn overruled Plaintiff's objections to the R&R, and dismissed Laing and Lewis [Doc. #23]. In the present motion to dismiss, Defendant Fettig raises the same arguments that were successfully raised by Defendants Laing and Lewis.

### III.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir.2001).

The United States Supreme Court has altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." Id., 127 S.Ct. at 1964–65 (internal citations and quotation marks

omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (Internal citations and quotation marks omitted). See also *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir.2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of Twombley.FN3 First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown[n]'—'that the pleader is entitled to relief.' " 129 S.Ct. at 1950 (Internal citations omitted).

### III. DISCUSSION

#### A. Fettig's Motion to Dismiss [Doc. #36]

In her motion, Defendant Fettig offers the same arguments previously raised by her

co-defendants Laing and Lewis, specifically: (1) the availability of adequate state post-deprivation remedies defeats Plaintiff's due process claim; (2) Plaintiff has not stated a plausible retaliation claim; and (3) Defendant is entitled to Eleventh Amendment and qualified immunity. I accepted all of these arguments in my previous R&R, in which I recommended that Defendants Laing and Lewis be dismissed, and Judge Cohn did likewise when he overruled Plaintiff's objections to my R&R. Thus, my current discussion of these issues will have a ring of familiarity to the Plaintiff.

### 1. Due Process

Plaintiff's claim that the taking of his property without a "fair hearing" violated Due Process is barred by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). *See also Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). In *Parratt*, the Supreme Court held that the negligent deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. The *Parratt* doctrine was extended to cover intentional deprivations of property in *Hudson v. Palmer*, 468 U.S. 517, 533-36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The *Parratt* doctrine permits dismissal of such due process claims "if (1) the deprivation was unpredictable or 'random,' (2) predeprivation process was impossible or impracticable; and (3) the state actor was not authorized to take the action that deprived the plaintiff of property." *Copeland v. Machulis*, 57 F.3d at 479, citing *Zinermon v. Burch*, 494 U.S.

113, 136-39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

The Plaintiff's complaint shows that the *Parratt* conditions are present, specifically, the alleged actions of Defendants were not done pursuant to some policy, but rather were contrary to policy. They were random and unauthorized. *Copeland*, 57 F.3d at 479. Because the property was taken (in an allegedly random and unauthorized fashion) when Plaintiff was transferred to ARF, there was no practical pre-deprivation process available. *Id*. Therefore, "a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Id*.

Even apart from the administrative hearing that was held, and the MDOC grievance procedure, there is a wealth of state remedies available for this type of property deprivation. *Copeland* discussed those remedies at length, *id*. at 479-80:

> "[I]t should be recognized that redress for most prisoner actions, including alleged constitutional violations, is available under the extensive process provided by Michigan state law. Michigan provides several adequate post-deprivation remedies, including Michigan Court Rule 3.105 that allows an action for claim and deliver, Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials.
>
> "Furthermore, as a state agency subject to the Michigan Administrative Procedures Act, Mich. Comp. Laws §§ 24.201—.403, the Department of Corrections is subject to numerous state laws relating to prisoner grievances. Mich. Comp. Laws §§ 791.251—.255. Specifically, Mich. Comp. Laws § 791.252 sets out detailed procedures for prisoner hearings after filing of a grievance by the prisoner. Michigan law requires that

> hearing officers be attorneys and gives them the power to hold formal, adversary proceedings independent from prison administration. Section 791.252 gives the prisoner an opportunity for a hearing without "undue delay," "reasonable notice" of the hearing and an opportunity for each side to present evidence and oral and written arguments on issues of fact.
> "Section 791.254 requires rehearing upon the request of a party or upon the motion of the Department of Corrections. Rehearing is required for a variety of reasons, including where the prisoner's due process rights were violated or where established procedures were not followed. Mich. Comp. Laws § 791.254.
> "Finally, Section 791.255 provides for judicial review of a final decision in the state circuit court so long as the prisoner has requested a rehearing of the initial decision. The court has plenary power to review the hearing decision. Discretionary review is available up to the Michigan Supreme Court. The Sixth Circuit has squarely held that the appeal of administrative decisions to the state circuit court provides an adequate remedy for violations of due process for purposes of *Parratt v. Taylor. See Blue Cross and Blue Shield v. Baerwaldt,* 726 F.2d 296, 300 (6th Cir.1984)(Michigan Administrative Procedures Act provides ample opportunity to raise constitutional claims in state court); *cf. Tocco v. Marquette Prison Warden,* 123 Mich.App. 395, 399, 333 N.W.2d 295, 297 (1983)(judicial review section under Michigan Administrative Procedures Act applies to Department of Corrections administrative decisions)."

*Copeland* also noted that "[a]t least one federal court has found that these procedures 'go[ ] far beyond the requirements of due process.'" (Quoting *Branham v. Spurgis,* 720 F.Supp. 605, 608 (W.D.Mich.1989)).

In *Copeland*, as in the present case, the plaintiff alleged procedural violations at the property hearing. To this, the Sixth Circuit held that the above remedies "insure that procedural violations that may have occurred at the hearing, like those complained of by plaintiff, can be adequately reviewed and addressed under established constitutional guidelines." (Citing *Leonard v. Wallace,* 865 F.Supp. 426, 428 (E.D.Mich.1994)).

*Copeland*, 57 F.3d at 480.

In his Order overruling Plaintiff's objections to my previous R&R [Doc. #23], Judge Cohn found that under the *Parratt* doctrine, Plaintiff had failed to state a viable due process claim against either Lewis or Laing. The same reasoning applies to Defendant Fettig. Because of the adequacy of the available state remedies, Plaintiff's Due Process claim must be dismissed.[1]

### 2. Retaliation

In *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit held that a retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

Plaintiff claims that Defendant Lewis took his property in retaliation for his having complained to her supervisor about having her–the same person who refused to return the property–conducting the property hearing. His allegations against Defendant Fettig are less clear. He alleges that when he was called to Fettig's office, he informed her that "he

---

[1] Under *Parratt and Copeland*, procedural due process is satisfied if there is an available state judicial or administrative procedure to adjudicate the claim; there is no requirement that the plaintiff be satisfied with the result of that adjudication. *See Skinner v. Bolden*, 89 Fed.App'x 579, 580 (6th Cir. 2004)("[A]n adequate post-deprivation process does not require a favorable result for the claimant.").

had filed a complaint and a declaratory ruling against her and that she was just trying to cover-up her illegal actions." *Complaint*, ¶ 34.

Assuming that Plaintiff's filing of a "complaint and a declaratory ruling" was protected activity, and that taking his property was an adverse action, the only basis he has stated to suggest a causal connection is the temporal proximity between informing Fettig that he had filed a complaint, and the issuance of Fettig's adverse decision. But the Sixth Circuit has held temporal proximity between a plaintiff's protected conduct and an allegedly retaliatory transfer insufficient *by itself* to establish retaliatory motive. *Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir.2001). *See also Vereecke v. Huron Valley Sch. Dist.,* 609 F.3d 392, 400 (6th Cir.2010)("Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone"); *Tuttle v. Metro. Gov't of Nashville,* 474 F.3d 307, 321 (6th Cir.2007) ("The law is clear that temporal proximity standing alone, is insufficient to establish a causal connection for a retaliation claim.").

I also note that in his response to Defendant Fettig's motion [Doc. #41], Plaintiff does not offer any rebuttal to her argument he has not adequately pled retaliation. Because Plaintiff has not stated a plausible retaliation claim against Fettig, her motion to dismiss should be granted.

### 3. Qualified Immunity and Eleventh Amendment Immunity

Defendant Fettig also argues that she is protected by qualified immunity.

Qualified immunity is an affirmative defense. A state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional violation. However, in *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier* is no longer mandatory. Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis.

As discussed above, Fettig did not violate any of Plaintiff's constitutional rights. Therefore she is entitled to qualified immunity under the first prong of *Saucier*.

Defendant Fettig is also protected by Eleventh Amendment immunity insofar as she is sued in her official capacity. *See Will v. Department of State Police,* 491 U.S. 58, 64–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Rodgers v. Banks,* 344 F.3d 587, 594 (6th Cir.2003) ("the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities").

### B. Plaintiff's Motion for Final Judgment [Doc. #31]

In this motion, Plaintiff seeks a "final judgment" disposing of all of his claims, so that he can proceed with an appeal to the Sixth Circuit. Defendants Lewis and Laing

have already been dismissed. If Defendant Fettig is also dismissed, there will be no remaining Defendants or claims to be adjudicated in this Court, and Plaintiff will have the relief he seeks. I therefore recommend that in addition to granting Defendant Fettig's motion to dismiss, the Plaintiff's motion be denied as moot.

### IV. CONCLUSION

I recommend that Defendant Fettig's Motion to Dismiss [Doc. #36] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff's Motion for Final Judgment [Doc. #31] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    s/R. Steven Whalen
                    R. STEVEN WHALEN
                    UNITED STATES MAGISTRATE JUDGE

Dated: November 5, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 5, 2014, electronically and/or by U.S. mail.

                    s/Carolyn M. Ciesla
                    Case Manager to the
                    Honorable R. Steven Whalen