UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

    Plaintiff,

v.    Case No. 13-10168

NOLA FETTIG,    HONORABLE AVERN COHN

    Defendants.

_____/

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 43)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 42)
AND
GRANTING DEFENDANT NOLA FETTIG'S MOTION TO DISMISS (Doc. 36)
AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR FINAL JUDGMENT (Doc. 31)</u>**

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). He asserts a claim under 42 U.S.C. § 1983 against defendants for violation of due process rights under the Fourteenth Amendment arising out of the taking of his property. Plaintiff originally sued three defendants: Vicki Lewis; Dion Laing; and Nola Fettig (Fettig), all of whom are employees of the MDOC. Fettig is alleged to have conducted the property hearing, a procedure whereby an inmate can challenge the confiscation of their property. The matter was referred to a magistrate judge for pretrial proceedings. Lewis and Laing filed a motion to dismiss (Doc. 12). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. (Doc. 18). The Court adopted the MJRR. (Doc. 23). That left Fettig, who had not yet been served, as

the sole defendant. Eventually, Fettig filed a motion to dismiss (Doc. 36) and plaintiff filed a motion for final judgment (Doc. 31). The magistrate judge issued a report and recommendation (MJRR), recommending that Fettig's motion be granted and plaintiff's motion be denied as moot. (Doc. 42).

Before the Court are plaintiff's objections to the MJRR (Doc. 43).[1] For the reasons that follow, the objections will be overruled, the MJRR will be adopted, Fettig's motion to dismiss will be granted, plaintiff's motion for final judgment will be denied, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v.

---

[1] The text of plaintiff's objections are of poor quality and therefore difficult to read.

Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### III.

As an initial matter, as the magistrate judge noted, Fettig advanced the same arguments that Lewis and Laing successfully asserted in their motion to dismiss. Thus, the MJRR with respect to Fettig contains essentially the same analysis leading to the conclusion that plaintiff does not have a plausible claim against Fettig. Plaintiff's objections essentially appear to reassert the same objections he had with respect to Lewis and Laing.

With regard to plaintiff's claim regarding the loss of his personal property, plaintiff has failed to state a plausible claim for relief. Plaintiff alleges he was deprived of his property without due process of law because there were procedural violations at the property hearing. In order to maintain such a claim, plaintiff must first "plead ... that state remedies for redressing the wrong are inadequate." Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983). See also Hudson v. Palmer, 468 U.S. (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 587–88 (6th Cir.2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." Meyers v.

City of Cincinnati, 934 F.2d 726, 731 (6th Cir. 1991) (quoting Vicory, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving me inadequacy of state or administrative processes and remedies to redress [his] due process violations." Jefferson, 360 F.3d at 588.

As explained in the MJRR, there are a multitude of state and administrative remedies available to plaintiff to redress his claim. The fact that plaintiff did not obtain the relief he desired does not mean that the process is inadequate.

Regarding his retaliation claim, the magistrate judge concluded that it must be dismissed because temporal proximity alone between the alleged retaliatory act - informing Fettig that he had filed a complaint against her - and Fettig's adverse decision, is not sufficient to make out a retaliation claim. The Court agrees. Plaintiff has not alleged a plausible retaliation claim.

Finally, the magistrate judge was also correct in finding that Fettig is entitled to qualified immunity because she did not violate any of plaintiff's constitutional rights and entitled to Eleventh Amendment immunity to the extent she is being sued in her official capacity.

IV.

Accordingly, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Fettig's motion to dismiss is GRANTED. Plaintiff's claims against Fettig are DISMISSED WITH PREJUDICE. Plaintiff's motion for final judgment is DENIED AS MOOT. This case is DISMISSED.

SO ORDERED.

13-10168 Mark Anthony Reed-Bey v. Nola Fettig

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2015

Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 14, 2015, by electronic and/or ordinary mail.

s/Sakne Chami

Case Manager, (313) 234-5160

5