UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK REED,

                Plaintiff,                      No. 13-10168

v.                                         District Judge Avern Cohn
                                         Magistrate Judge R. Steven Whalen

VICKI LEWIS, ET AL.,

                Defendants.

_____ /

**ORDER**

Following this Court's dismissal of his complaint, Plaintiff Mark Reed, a *pro se* litigant, appealed to the Sixth Circuit. On November 20, 2015, the Sixth Circuit affirmed in part and reversed in part. The Sixth Circuit affirmed the dismissal of Plaintiff's due process claim regarding his property, but reversed the dismissal of his retaliation claims against Defendants Lewis and Fettig. Plaintiff has now filed a motion to tax costs associated with his appeal [Doc. #54].

Fed.R.App.P. 39(a) sets forth four categories of cases where taxation of costs is allowed. Pertinent to Plaintiff's case is Rule 39(a)(4), which states that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." In addition, Fed.R.App.P. 39(e) provides that the following costs on appeal are taxable in the district court:

    (1) the preparation and transmission of the record;

    (2) the reporter's transcript, if needed to determine the appeal;

    (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

-1-

(4) the fee for filing the notice of appeal.

All other costs, including copying and mailing costs, must be be presented to the Circuit Court clerk by way of a bill of costs filed within 14 days after entry of judgment. Fed.R.App.P. 39(d)(1).

Here, Plaintiff did not present a bill of costs to the Clerk of the Sixth Circuit. There were no costs involving transcripts or bonds. Thus, the only requested cost taxable in the district court is the filing fee.[1] However, because Plaintiff's case falls within Rule 39(a)(4)–that is, this Court's judgment was affirmed in part and reversed in part–Plaintiff was required to first obtain an order from the Sixth Circuit that such cost would be allowed. Noting Rule 39(a)(4)'s provision that "costs are taxed only as the court orders," the Eighth Circuit in *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp*. 497 F.3d 805, 807-808 (8th Cir. 2007), explained as follows:

> "Rule 39(e), however, limits the costs taxable in the district court to those a party is 'entitled to ... under this rule.' When read together, then, the provisions of subdivisions (a)(4) and (e) of Rule 39 indicate the costs listed as taxable in the district court are subject to the appellate court so 'order[ing' them to be recoverable under Rule 39(a)(4) in cases where a judgment is affirmed in part, reversed in part, modified, or vacated. *In other words, none of the costs listed as taxable under Rule 39(e) are recoverable in an affirmed-in-part/reversed-in-part case unless the appellate court so indicates*. Because Volvo never brought a motion for costs before the Eighth Circuit, no such order was ever entered to trigger a right to recover any Rule 39(e) costs in the district court. In such circumstances, the district court correctly held it was without authority to award costs in Volvo's favor." (Emphasis added).

*See also L-3 Commc'ns Corp. v. OSI Sys., Inc*., 607 F.3d 24, 29 (2d Cir. 2010)("We read subsection (a)(4) as requiring the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed"); *Sellers v. Peters*, 2008 WL

---

[1] This Court waived prepayment of the appellate filing fee, but ordered an initial partial payment followed by monthly payments to be deducted from Plaintiff's prison trust account [Doc. #49].

-2-

1766585, *2 (E.D.Mo.,2008)("Because [plaintiff] never brought a motion for costs before the Eighth Circuit, no such order was ever entered to trigger a right to recover any Rule 39 costs, including those costs listed under Rule 39(e) which are taxable in the district court. Accordingly, this Court is without authority to award such appellate costs in plaintiff Sellers' favor. *Reeder-Simco GMC,* 497 F.3d at 808-09. Therefore, to the extent plaintiff seeks to recover her appellate costs in this forum, such requested costs shall be disallowed.").

Because Plaintiff did not first seek an order from the Sixth Circuit permitting the taxation of costs, the present motion is DENIED.

**IT IS SO ORDERED.**

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 13, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 13, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

-3-