UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

    Plaintiff,

vs.

Case No. 13-10168

HON. AVERN COHN

VICKI LEWIS, NOLA FETTIG,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 87)
AND
GRANTING VICKI LEWIS'S MOTION FOR SUMMARY JUDGMENT (Doc. 82)
AND DENYING NOLA FETTIG'S MOTION FOR SUMMARY JUDGMENT (Doc. 82)
AND
DIRECTING COUNSEL BE APPOINTED FOR PLAINTIFF**

I.

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. Following dispositive motions and an appeal, see Doc. 59, plaintiff's retaliation claim against Vicki Lewis, a corrections officer, and Nola Fettig, a resident unit manager,[1] remains. Lewis and Fettig filed a joint motion for summary judgment. (Doc. 82). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted as to Lewis and denied as to Fettig. (Doc. 87).

Before the Court are plaintiff's and Fettig's objections to the MJRR. (Docs. 88, 89). For the reasons that follow, the objections will be overruled, summary judgment will be granted as to Lewis and denied as to Fettig. Also, the Court will direct that

---

[1] Fettig has since retired but is still being represented by the Michigan Attorney General's office.

counsel be appointed for plaintiff.

## II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## III.

As to plaintiff's objections, the magistrate judge recommends that Lewis be dismissed on summary judgment because plaintiff cannot show a causal connection or an adverse action taken against him by Lewis. Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. The magistrate judge

carefully considered the record and concluded that no rational trier of fact could find that Lewis retaliated against plaintiff. The Court agrees. Although plaintiff alleged a claim against Lewis sufficient to survive dismissal, the record evidence does not support a finding that there was a causal connection between plaintiff's protected activity or that plaintiff suffered an adverse action by Lewis.

As to Fettig, the magistrate judge recommended that summary judgment be denied because the record reveals a factual question as to whether there is a causal connection between plaintiff's protected activity (informing Fettig that he had filed a grievance against her) and the adverse action (her decision depriving plaintiff of his property) sufficient to survive summary judgment.

Fettig objects to the magistrate judge's reliance on the Sixth Circuit's opinion to find that plaintiff has satisfied the other elements of a retaliation claim, i.e. engaging in protected activity and suffering an adverse action. Fettig says that the Sixth Circuit did not so conclude. This objection is not well taken. As the magistrate judge explained, the Sixth Circuit found that plaintiff had engaged in protected conduct and suffered an adverse action; the record bears this out.

Fettig also objects on the grounds that the magistrate judge failed to consider her arguments that any official capacity claim must be dismissed and that she is entitled to immunity as a hearing officer. While the MJRR did not address these arguments, a failure to do so is not grounds for rejecting the MJRR.

To the extent plaintiff has asserted a claim against Fettig in her official, as opposed to individual, capacity, it must be dismissed on the grounds of 11th Amendment immunity.

3

Fettig's argument that she is entitled to immunity as the hearing officer for the misconduct hearing lacks merit. Such immunity applies only to independent hearing officers who are attorneys and whose duties are governed by M.C.L. § 791.251 through 791.255. Shelly v. Johnson, 849 F.2d 228, 229 (6th Cir. 1988) (hearing officers as defined by Sections 791.251-791.55 are independent attorneys and are entitled to absolute immunity). It does not extend to prison employees like Fettig. Cleavinger v. Saxner, 474 U.S. 193 (1985) (prison employees who are subordinate to the warden not entitled to absolute immunity for disciplinary decisions). Although Fettig conducted a disciplinary hearing, she was not an independent attorney and was subordinate to the warden. As such, she is not entitled absolute immunity for her actions as a hearing officer. See Good v. Heyns, 2017 WL 3446262 (E.D. Mich. May 25, 2017).

V.

Finally, given the fact that a claim remains against Fettig, the Court directs that counsel be appointed to assist plaintiff in either pursuing settlement, which is highly encouraged, or proceeding to trial. See Bennett v. Smith, 110 F. App'x 633, 635 (6th Cir. 2004) (counsel may be appointed in a civil case in exceptional circumstances). Upon the appointment of counsel, the Court will schedule a status conference.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2017
     Detroit, Michigan