UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

       Plaintiff,

-vs-

       No. 13-10168
       District Judge Avern Cohn
       Magistrate Judge R. Steven Whalen

VICKI LEWIS, ET AL.,

       Defendants.

_____ /

**OPINION AND ORDER DENYING MOTION FOR LEAVE
TO FILE SECOND MOTION FOR SUMMARY JUDGMENT [Dkt. #105]
AND GRANTING PLAINTIFF'S MOTION TO STRIKE [Dkt #102]**

This case has a lengthy procedural history. On January 6, 2013, Plaintiff Mark Anthony Reed-Bey, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983. On January 14, 2015, the Court granted the Defendants' motion to dismiss [Dkt. #44]. Following proceedings on appeal, the Sixth Circuit reversed in part this Court's dismissal of the complaint under Fed.R.Civ.P. 12(b)(6), and remanded for further proceedings, limited to Plaintiff's First Amendment claim of retaliation against Defendants Lewis and Fettig [Dkt. #50]. Those Defendants then filed a motion to dismiss, arguing the Plaintiff had not exhausted his administrative remedies before filing his complaint, as required by 42 U.S.C. § 1997e(a) [Dkt. #51]. The Court denied that motion on September 20, 2016

-1-

[Dkt. #70].[1] Next, on February 9, 2017, Defendants Lewis and Fettig filed a motion for summary judgment [Doc. #82]. On August 28, 2017, I filed a Report and Recommendation (MJRR), recommending that the motion be granted as to Lewis but denied as to Fettig [Dkt. #87]. On September 28, 2017, the Court adopted my recommendation, dismissing Lewis, and denied the motion as to Fettig [Dkt. #90].

This leaves us with a single claim (First Amendment retaliation) against a single Defendant (Fettig). Being nothing if not persistent, Defendant Fettig has now filed a second motion for summary judgment [Dkt. #101] and a motion for leave to file a second motion for summary judgment [Dkt. #105]. Plaintiff has filed a motion to strike the second motion for summary judgment [Dkt. #102].

Under E.D. Mich. L.R. 7.1(b)(2), "[a] party must obtain leave of court to file more than one motion for summary judgment." "The reason for the local rule is straightforward—the orderly, timely administration of justice. 'Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion; piecemeal litigation at the summary-judgment stage is disfavored.'" *Hescott v. City of Saginaw*, 2012 WL 13005302, at *2 (E.D. Mich. Oct. 3, 2012), quoting *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1021 (S.D. Ohio 2007).

Defendant's proposed second motion for summary judgment [Dkt. #101] raises

---

[1] In denying the motion to dismiss based on exhaustion, the Court adopted my Report and Recommendation [Dkt. #67], noting that no objections had been filed.

three arguments: (1) Plaintiff has not established the three elements of a retaliation claim, i.e., that he was engaged in protected conduct, that he suffered an adverse action, and that there is a causal relationship between the two; (2) Defendant Fettig is entitled to immunity as an MDOC hearings officer; and (3) Defendant Fettig is entitled to qualified immunity.

The Court has already ruled on the first two issues. First, as I pointed out in my MJRR recommending denial of the first summary judgment motion, the Sixth Circuit already found "that Plaintiff 'engaged in protected conduct by filing a complaint against Fettig and informing Fettig that he had done so,' and that 'Fettig subjected him to an adverse action when she determined that none of his property would be returned.'" *See* Dkt. #87, at 15, Pg. ID 736, quoting *Sixth Circuit Decision* [Doc. #50] at 6-7. In overruling Fettig's objections to my MJRR, the Court stated:

> "Fettig objects to the magistrate judge's reliance on the Sixth Circuit's opinion to find that plaintiff has satisfied the other elements of retaliation, i.e., engaging in protected activity and suffering an adverse action. Fettig says the Sixth Circuit did not so conclude. This objection is not well taken. As the magistrate judge explained, the Sixth Circuit found that plaintiff had engaged in protected conduct and suffered and adverse action; the record bears this out." *Opinion* [Dkt. #97], p.3.

In addition, the Court accepted the MJRR's conclusion that there was sufficient evidence to show a causal connection between the protected conduct and the adverse action.[2]

---

[2] The Court also appointed *pro bono* counsel for Plaintiff.

Also, the Court rejected Fettig's argument that he was entitled to immunity as a hearings officer, stating, "Fettig's argument that she is entitled to immunity as the hearing officer for the misconduct hearing lacks merit." *Id*. at p. 4.[3]

Because the first two issues in Fettig's proposed second summary judgment motion have already been ruled upon, she is barred from re-raising them under the doctrine of law of the case, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766 (6th Cir.1989)).[4]

Fettig raises her third issue–qualified immunity–rather late in the game.

---

[3] I also note that in support of the second motion, Fettig has attached the exact same affidavit that was submitted with the first motion, so he cannot argue that there is new evidence that would commend permitting him to re-raise the same issues that the Court has already rejected.

[4] Alternatively, Fettig's motion for leave to file a second summary judgment motion on these issues could be considered a grossly untimely motion for reconsideration. *See Bar's Prod., Inc. v. Bar's Prod. Int'l, Ltd.*, 2014 WL 12703149, at *2 (E.D. Mich. Mar. 26, 2014)( "Bar's Products, Inc. is essentially seeking untimely motions for reconsideration...of the Court's Order denying its previous Motion for Partial Summary Judgment on the counts previously addressed by the parties and the Court.").

Consideration of qualified immunity should be "made early in the proceedings so that the costs and expenses of trial are avoided." *Saucier v. Katz*, 553 U.S. 194, 200 (2001). Moreover, "[t]he intent of Local Rule 7.1(b) is for the party to raise all of its arguments in one motion to avoid piecemeal litigation." *Bar's Prod., Inc*. at *2; *see also Hescott v. City of Saginaw* at *2. This case has been pending since 2013. It has been up to and back from the Sixth Circuit twice.[5] Defendant Fettig has filed two motions to dismiss and a motion for summary judgment. Yet only now, six years after Plaintiff filed his complaint, does he raise the issue of qualified immunity. In view of this extraordinary delay, Defendant Fettig has not shown cause why the Court should now permit him to file a second motion for summary judgment.

Accordingly, Defendant Fettig's Motion for Leave to File Second Motion for Summary Judgment [Dkt. #105] is DENIED.

Plaintiff's Motion to Strike Motion for Summary Judgment [Dkt. #102] is GRANTED, and Defendant's Motion for Summary Judgment [Dkt. #101] is STRICKEN.

IT IS SO ORDERED.

                                      s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2019

---

[5] On May 13, 2014, the Sixth Circuit dismissed Plaintiff's interlocutory appeal for lack of jurisdiction [Dkt. #29].

CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing document was sent to parties of record on January 31, 2019, electronically and/or by U.S. mail.

         s/Carolyn M. Ciesla
         Case Manager to the
         Honorable R. Steven Whalen