UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

    Plaintiff,

                         No. 13-10168

-vs-

                         Magistrate Judge R. Steven Whalen

NOLA FETTIG,

    Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Relief from Judgment [ECF No. 115], filed *pro se*, in which he seeks to reinstate Defendant Vickie Lewis, who was dismissed on February 26, 2014. Plaintiff bases his motion of Fed.R.Civ.P. 60(b)(2) and (3) and 60(d). For the following reasons, the motion will be DENIED.

### A.    Rule 60(b)(2) and (3)

Fed.R.Civ.P. 60(b)(2) and (3) provide as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.

 On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party

However, Fed.R.Civ.P. 60(c)(1) establishes a one-year time limit for bringing such motions:

> **(c) Timing and Effect of the Motion.**
>
> **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The final order dismissing Defendant Lewis was entered on September 28, 2017 [ECF No. 90]. Plaintiff filed the present motion more than two years later, on October 8, 2019. To the extent that the motion is based on Rule 60(b), it is time-barred.

## B. Rule 60(d)

Rule 60(d)(1) provides as follows:

> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding.

"The 'indisputable elements' of an independent action for relief from judgment are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law." *Mitchell v. Rees*, 651 F. 3d 593, 595 (6th Cir. 2011). "Independent actions [under Rule 60(d) ] must ... be reserved for those cases

of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998)(citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244 (1944)).

In the context of the present motion, Plaintiff in effect supports his request for relief under Rule 60(d)(1) by challenging Lewis' credibility, i.e., positing a conflict between the affidavit she submitted in support of her summary judgment motion and her subsequent deposition testimony, regarding whether she participated in an administrative property hearing, or whether such hearing occurred in December of 2011. But notwithstanding any fine parsing of Lewis' testimony, there is no material conflict. Lewis testified at her deposition that although she was present in the property room when Defendant Fettig looked at Plaintiff's property (which is unsurprising, since Lewis worked in the property room), she did not participate in any hearings, nor was it within the scope of her duties to do so. This testimony is not materially inconsistent with her affidavit, or for that matter, with her testimony at trial. Defendant correctly summarizes as follows:

> "Lewis stated in both her affidavit and her deposition testimony that no administrative hearing was held. She further expounded in her deposition that Plaintiff had an excessive property hearing administered by ARUS Laing and RUM Fettig, however no administrative hearing for the NOI that she wrote." *Response*, ECF No. 117, PageID.931.

In any event, and alleged discrepancies between Lewis' affidavit and her

deposition testimony would, and most, create grist for impeachment. It does not rise to the level of fraud that would support invocation of Rule 60(d)(3).[1] As the Court explained in *Morawski v. U.S. Dep't of Agric.*, 2010 WL 2663201, at *6–7 (E.D. Mich. July 2, 2010):

> "Fraud on the court, as contemplated by Rule 60(d)(3), is interpreted narrowly. *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir.1982). Relief generally is reserved for circumstances in which, for example, a judge or a juror has been bribed, a bogus document is inserted in the record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged. *Ibid.; see also Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir.1997). By contrast, an allegation of 'nondisclosure to the court of facts allegedly pertinent to the matter before it ... will not ordinarily rise to the level of fraud on the court.' *First Nat'l Bank v. Lustig*, 96 F.3d 1554, 1573 (5th Cir.1980) (internal quotation marks and citations omitted)."

Again, relief under Rule 60(d) is available only in cases of "unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir.1973). Plaintiff has not made that showing.

Accordingly, Plaintiff's motion [ECF No. 115] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
United States Magistrate Judge

Dated: March 20, 2020

---

[1] Lewis in fact testified at trial and was subject to cross-examination.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 20, 2020 electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager